UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1Asset-Backed Pass Through Certificates,<br><br>Plaintiff,<br><br>v.<br><br>ROSE M. LAW,<br>Defendants. | Case No. 2:18-cv-00448-TLN-CKD<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Rose M. Law's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot, and the Court hereby remands the action to the Superior Court of California, County of San Joaquin – Stockton Branch, due to lack of subject-matter jurisdiction.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 16, 2017, Plaintiff Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1Asset-Backed Pass Through Certificates ("Plaintiff") brought an action against Defendant for possession of the real property known as 5317 Ridgeview Circle, Stockton, California ("the Property"). (Notice of Removal, ECF No. 1 at 2.) The

1

Complaint alleges that Defendant was the former trustor of the Dead of Trust or a holdover occupant of the former trustor of the Property and continued to occupy the Property despite having no ownership or possessory interest in the Property. (ECF No. 1 at 28.) Plaintiff asserts that Defendant was served a "Notice to Quit" and a "Notice to Vacate (90 days)" and continue to occupy the property. (ECF No. 1 at 11.)

On February 28, 2018, Defendant filed a Notice of Removal removing this unlawful detainer action from the San Joaquin County Superior Court. (ECF No. 1.)

## II.    STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.   ANALYSIS

Defendant removed this case to this Court on the basis of federal question jurisdiction. Defendant argues that the Homeowners Bill of Rights ("HBOR") gives rise to a federal question

because the foreclosure resulted from a forged assignment and is therefore invalid.

Defendant states that Plaintiff's foreclosure was based upon a forged assignment which violates the HBOR. (ECF No. 1 at 2.) However, the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 26–30.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law and does not does not state claims under the HBOR or any federal law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Defendant asserts the core of the removal is based on 28 U.S.C. § 157(b).[1] Alternatively, Defendant mentions the HBOR as a means of federal jurisdiction. The Court assumes, without determination, Defendant is referring to the National HBOR and not the California HBOR in her claim for removal. Regardless, removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant contends in the notice of removal that Plaintiff has violated a federal law, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60-62. "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See*

---

[1] 28 U.S.C. § 157(b) governs procedures in Bankruptcy Court. The Court sees no connection or relevance to that code section. Regardless, the Court has independently viewed the Notice of Removal and Complaint in order to determine whether subject matter jurisdiction is proper.

*United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.     CONCLUSION

Thus for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

Dated: March 1, 2018

Troy L. Nunley
United States District Judge

4